Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., #780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH INIGUEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>      vs.<br><br>WESTALKE SERVICES, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>   **(1) CALIFORNIA PENAL CODE § 632.7**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ELIZABETH INIGUEZ ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1.      This is a class action brought on behalf of all individuals in California whose telephone conversations with Defendant, WESTLAKE SERVICES, LLC ("Defendant" or "WESTLAKE") were recorded by WESTLAKE without their knowledge or consent.

2.      ELIZABETH INIGUEZ ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of WESTLAKE and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy.

3.      California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, residents of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state.  Plaintiff also seeks up to $5,000.00 in damages for each call in violation of the Penal Code § 632, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.      Venue is proper in the United States District Court for the Northern District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within the county of San Mateo.

## PARTIES

6. Plaintiff, ELIZABETH INIGUEZ is a natural person residing in San Mateo County in the State of California.

7. Defendant, WESTLAKE SERVICES, LLC ("Defendant" or "WESTLAKE") is a limited liability company engaged in the business of providing funding and collecting monies from consumers for automobile purchasing.

8. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant were acting as an agent and/or employee of each of the other Defendants and were acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein were made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

10. On or around August of 2017, and occurring at times prior to that date, Defendant contacted Plaintiff by telephone in an attempt to collect on an alleged debt for a vehicle Plaintiff financed with Defendant. During this time, Plaintiff had had at least one (1) telephone communication with certain employees, officers and/or agents of Defendant. Plaintiff are informed and believe, and thereon allege, that Defendant first obtains highly personal and confidential information from California consumers prior to warning that the telephonic communication is being monitored, recorded and/or eavesdropped upon by Defendant.

11.     Specifically, on or around August of 2017, Defendant contacted Plaintiff ELIZABETH INIGUEZ on her phone number, ending in -7320, to collect on an alleged debt Plaintiff owed.

12.     During the entire duration of the call, Defendant did not provide to Plaintiff a recording advisory for the telephone call.

13.     Upon information and belief, Plaintiff, during her telephone call with Defendant, heard a beeping noise and proceeded to ask whether she was being recorded. Defendant responded to Plaintiff that she was and gave her a recording advisory, at that time.

14.     Upon information and belief, Plaintiff, during her telephone call with Defendant, was asked about her personal identifiable information, including but not limited to her social security number and her date of birth.

15.     On information and belief, Plaintiff alleges that his call with Defendant was recorded without her consent.

16.     At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the outset of these telephone calls.

17.     At no point did Plaintiff have a reasonable expectation that the call with Defendant was being recorded.

18.     It is Defendant's pattern and practice to record incoming and outgoing calls made to or by California residents.  The calls are about soliciting Defendant's services and products to consumers.  Defendant do not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.  Plaintiff was initially unaware that the phone call between himself and Defendant in California were recorded.  There was no pre-call recorded message.

19.     Plaintiff did not learn that Defendant recorded the phone call between Plaintiff and Defendant until after the event occurred.

20.    Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant were recording the phone calls between Plaintiff and members of the California Class and Defendant without their knowledge or consent.

21.    Defendant concealed from Plaintiff and members of the Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the Class on the other hand.

22.    Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded.  At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded.  Such warnings are ubiquitous today.

23.    Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of The Class that the phone calls were being recorded.

## CLASS ALLEGATIONS

24.    Plaintiff brings this action individually and on behalf of all others similarly situated ("The Class").

25.    Plaintiff represents, and are a member of, "The Class" defined as follows:

All persons in California whose inbound and outbound telephone conversations were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

26.    Defendant, and its employees and agents are excluded from The Class.   Plaintiff do not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28.     The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

29.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a.   Whether Defendant has a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls;

b.   Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, eavesdropped upon and/or monitored;

c.   Whether Defendant's policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code § 632.7;

d.   Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

30.     Plaintiff are asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

31.     Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff have no interest adverse to any member of The Class.  Plaintiff have retained counsel experienced in handling class action claims.

32.     Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, The Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with California law.  The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34.     Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

36.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that

were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

37.     California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

38.     Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

39.     Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

40.     Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

41.     Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

42.     Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

43.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees

pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant

A.     That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

B.     For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

C.      For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the Class;

D.     Injunctive relief in the form of an order prohibiting Defendants from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

E.     That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and the Class.

F.     For general damages according to proof;

G.     For costs of suit;

H.     For prejudgment interest at the legal rate;

I.      For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

J.     For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.

Respectfully submitted,

Dated:  April 13, 2018                 **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

                                         By: **/s/ Todd M. Friedman**
                                         Todd M. Friedman
                                         Attorneys for Plaintiff